USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1462 No. 92-1771 RAFAELA TRINIDAD-DELGADO, ET AL., Plaintiffs, Appellants, v. SK&F LAB COMPANY, ET AL., Defendants, Appellees. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Stahl, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Skinner,* Senior District Judge. _____________________ ____________________ Luis Angel Lopez Olmedo for appellants. _______________________ Gregory T. Usera with whom Ramon L. Velasco and Goldman Antonetti ________________ _________________ _________________ Ferraiuoli & Axtmayer were on brief for appellees. _____________________ ____________________ April 29, 1993 ____________________ _____________________ * Of the District of Massachusetts, sitting by designation. SKINNER, Senior District Judge. ______________________ This appeal is from a summary judgment of dismissal for lack of subject matter jurisdiction. The plaintiffs brought an action in the District Court of the District of Puerto Rico to recover damages from the defendants for injuries to the plaintiff Rafaela Trinidad Delgado resulting from exposure to cimetidine hydrochloride, a toxic substance used in the manufacture of Tagamet. Tagamet was manufactured by the plaintiff's employer. The other plaintiffs are Mrs. Trinidad's husband and son. The original defendants were "SK&F Lab Co., Smith Kline and French - U.S., Smith Kline Beecham Mellon and or other Smith Kline Corporation family and it insurers [sic]." Without challenge by the parties, the relationship of the various Smithkline corporations was found by the district judge to be as follows: Mrs. Trinidad's employer, originally called SK&F Lab Co., merged with SK&F Co. to form Smithkline Beecham Pharmaceutical Co., a Delaware corporation with its principal place of business in Puerto Rico. (This -2- 2 corporation and its predecessors were referred to collectively by the court below as "Pharmco," and we will do the same.) Pharmco is a subsidiary of SKB, Puerto Rico, Inc., a holding company incorporated in Delaware, and with its principal place of business there. SKB, Puerto Rico, Inc., is itself a subsidiary of Smithkline Beecham Corporation (formerly Smithkline Beckman Corporation), which is a Pennsylvania corporation having its principal place of business in Pennsylvania. There is no such corporation as the named defendant, Smithkline Beecham Mellon. There are two other corporations referred to by the district court, Smithkline and French International Company and its wholly owned subsidiary, Smithkline & French Interamerican ("Interamerican"), a Delaware corporation with its principal place of business in Puerto Rico. Interamerican is engaged in the sale and distribution of products manufactured by Pharmco. Several months after the case was filed, and after the original defendants had filed their answer, the plaintiff moved to amend the complaint by including all of the above named Smithkline corporations as defendants. The record reveals neither allowance of this motion nor service on the added defendants. Nevertheless, after the filing of -3- 3 this motion, all parties and the court treated these corporations as properly before the court, at least for the purpose of presenting their motions for summary judgment on jurisdictional grounds and to dismiss for failure to state claims against certain of the defendants. Counsel never filed an answer with respect to the added defendants, but did file a motion to dismiss or for summary judgment on behalf of all named defendants. For purposes of this appeal, we too will treat all parties as properly before the court. About a month after the motion to dismiss or for summary judgment was filed by the defendants, the plaintiffs filed a motion under Fed. R. Civ. P. 41(a) for voluntary dismissal of Pharmco and Interamerican, the two corporations having their principal places of business in Puerto Rico. This motion was filed for the avowed purpose of creating complete diversity of citizenship, the lack of which had been cited by the defendants as a basis for dismissal for lack of subject matter jurisdiction. The plaintiffs did not specify upon which paragraph of Rule 41(a)1 they were ____________________ 1 The pertinent provisions of Rule 41(a) are as follows: Rule 41. Dismissal of Actions Rule 41. Dismissal of Actions (a) Voluntary Dismissal: Effect Thereof. (a) Voluntary Dismissal: Effect Thereof. -4- 4 relying. The motion was referred to a magistrate judge, who endorsed the motion, "Denied. Rule 41(a)(1)(ii)." The magistrate judge apparently did not consider whether the motion should be granted on conditions under Fed. R. Civ. P. 41(a)(2). The district judge thereafter entered a judgment for the defendants upon the allowance of their motion to dismiss or for summary judgment. He ruled (1) that since the motion under Rule 41(a) had been properly denied under Rule 41(a)(1), the two local corporations were still in the case, so that subject matter jurisdiction failed for lack of diversity; and (2), alternatively, that the complaint failed ____________________ (1) By Plaintiff; by Stipulation. (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the other party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. . . . (2) By Order of Court. Except as (2) By Order of Court. provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. -5- 5 to state a claim against Pharmco and Interamerican, and there was no personal jurisdiction over the other Smithkline corporations. This appeal followed. It would appear from the magistrate judge's endorsement that the magistrate intended to determine the motion. This was error, because under 28 U.S.C. 636(b)(1)(A) and (B), a motion to dismiss may not be referred for determination, but only for report and recommendation to the district judge. Accordingly we will treat the magistrate judge's endorsement as a recommendation to the district judge. The magistrate judge was correct in recommending denial of the motion for voluntary dismissal under Rule 41(a)(1), since a motion for summary judgment had been filed and the parties had filed no stipulation. The plaintiffs may well have been entitled to dismiss non-diverse parties for the purpose of establishing diversity jurisdiction under Rule 41(a)(2), absent any showing of prejudice to the defendants2. Newman-Green, _____________ ____________________ 2 The defendants' argument that Pharmco and Interamerican were indispensable parties is totally insupportable on the record. Mrs. Trinidad Delgado had received workers' compensation from the State Insurance Fund, which, as the defendants correctly argued, is a complete defense to a direct claim against her employer, of which Pharmco is the corporate successor. 11 L.P.R.A. 21. Moreover, it is difficult to understand how Interamerican, which was a sales organization, had anything to do with the -6- 6 Inc. v. Alfonzo-Larrain, 490 U.S. 826, 833 (1989); Sweeney ________________________ _______ v. Westvaco Co., 926 F.2d 29, 41 (1st Cir.), cert. denied, _______________ ____________ 112 S. Ct. 274 (1991); cf. Leroux v. Lomas & Nettleton Co., _______________________________ 626 F. Supp. 962, 965 (D. Mass. 1986). The plaintiffs never sought reconsideration by the district judge of the magistrate's recommendation to deny plaintiffs' voluntary motion to dismiss, however. Under the Local Rules of Puerto Rico 510.1, an appeal from a determination by a magistrate judge must be filed within ten days, or the determination becomes a ruling of the court; but under Local Rule 501.2(A), an objection to a recommendation and report must also be filed within ten days, and "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." Not only did the plaintiffs fail to follow the local rule, they failed to honor the rationale behind it, which as the Supreme Court pointed out in Thomas v. Arn, 474 _______________ U.S. 140, 147-48 (1985), is to enable [ ] the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute. The [ ] rule, by ____________________ manufacturing process in which Mrs. Trinidad Delgado was injured. -7- 7 precluding appellate review of any issue not contained in objections, prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing. As we have said, the magistrate judge's decision must be treated as no more than a recommendation to the district judge. Because of the plaintiffs' complete failure to protect their rights under Local Rule 510.2(A) (or under Rule 501.1 either, for that matter), the ruling of the district judge is not appealable. Keating v. Secretary of ________________________ Health and Human Serv., 848 F.2d 271, 275 (1st Cir. 1988). ______________________ For purposes of this appeal, therefore, Pharmco and Interamerican remain parties in the case. Given this state of the record, the court's ruling that there was no subject matter jurisdiction must stand. The uncontradicted affidavits submitted by the defendants firmly establish that Puerto Rico was the principal place of business of both Pharmco and Interamerican. For purposes of diversity, they are citizens of Puerto Rico, 28 U.S.C. 1332(c)(1), as are the plaintiffs. Absent complete diversity of citizenship, there is no basis for subject matter jurisdiction. There is no need to examine the court's alternate grounds for dismissal. -8- 8 The judgment of dismissal is affirmed. The appellees shall recover their costs. -9- 9