Doherty v. Northeast Rehab. Hosp.    CV-96-161-SD   12/11/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Neale Doherty

    v.                                     Civil No. 96-161-SD

Northeast Rehabilitation Hospital;
Neuro-Rehab. Association, Inc.;
U.C. Consultants


O R D E R

This civil action arises from plaintiff Neale Doherty's termination from his job at defendant Northeast Rehabilitation Hospital.  His complaint contains two counts: (1) violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117, and (2) wrongful discharge under state law.

Presently before the court is defendant's motion to dismiss the wrongful discharge claim (document 8) and plaintiff's motion for voluntary dismissal of that count without prejudice (document 10).  The parties have filed objections to both motions.


Background

Doherty held various positions at defendant Northeast Rehabilitation Hospital between September 1988 and August 5,

1993. Complaint ¶ 12. During the course of his employment, Doherty underwent a quadruple bypass heart operation and a heart catheterization, requiring him to miss work on two occasions. Id. at ¶¶ 14, 17. In June of 1993, Doherty's supervisor informed him that because some of the night nurses had seen him out of breath, he would need to get a note from his doctor before he could return to work. Id. ¶ 19. Doherty returned to work with a doctor's note which stated that he must avoid heavy duties pending the results of an Exercise Tolerance Test. Id. ¶ 21. The Hospital terminated Doherty on August 5. Id. ¶ 25.

## Discussion

Presumably anticipating that the court would have granted defendant's motion to dismiss Count II, wrongful discharge, plaintiff has moved for voluntary partial dismissal of that claim without prejudice.

Rule 41(a)(2), Fed. R. Civ. P., which concerns when a court can grant a motion for voluntary dismissal, provides,

> Except as provided in paragraph (1) of this subdivision of this rule, an action should not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court seems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The court should permit dismissal under this rule unless it finds

2

that legal prejudice will befall the defendant. <u>See</u> <u>Trinidad-Delgado v. SK & F Lab Co.</u>, 992 F.2d 1, 2 (1st Cir. 1993); <u>Puerto Rico Maritime Shipping Auth. v. Leith</u>, 668 F.2d 46, 50 (1st Cir. 1981). The showing of prejudice should go beyond the mere prospect of a second lawsuit. <u>See</u> <u>Puerto Rico Maritime Shipping Auth.</u>, <u>supra</u>, 668 F.2d at 50; 9 Wright & Miller, Federal Practice and Procedure § 2364, at 280 (1995).

In its objection, defendant argues that the claim should be dismissed with prejudice. In support thereof, defendant argues that plaintiff should not be allowed "two bites at the apple," particularly as the claim is plainly barred under a recent opinion of the First Circuit. Given that defendant has simply argued that it should be spared the prospect of a second lawsuit, it has not sufficiently shown prejudice. Furthermore, the mere fact that defendant has filed a motion to dismiss does not preclude the court from granting plaintiff's motion for voluntary dismissal without prejudice. <u>Cf.</u> <u>Puerto Rico Maritime Shipping Auth.</u>, <u>supra</u>, 668 F.2d at 50 ("district court did not err in addressing the plaintiff's motion under Rule 41(a)(2) without regard to the defendants' pending motion to dismiss").

<u>Conclusion</u>

For the foregoing reasons, the court grants plaintiff's motion for voluntary partial dismissal without prejudice of Count

3

II (wrongful discharge) (document 10).  As a consequence, defendant's motion to dismiss Count II (document 8) is denied as moot.

    SO ORDERED.

                                       _____
                                       Shane Devine, Senior Judge
                                       United States District Court

December 11, 1996

cc:    Vincent A. Wenners, Jr., Esq.
       Eleanor H. MacLellan, Esq.