ETABLISSEMENTS NEYRPIC and Societe D'Exploitation De Brevets Pour Travaux A La Mer (Sotramer), Plaintiffs,

v.

ELMER C. GARDNER, INC., and Willacy County Navigation District, Defendants.

No. 12084.

United States District Court
S. D. Texas,
Houston Division.

Aug. 3, 1959.

Browning, Simms, Hyer & Eickenroht (W. F. Hyer), Houston, Tex., for plaintiffs.

Baker, Botts, Andrews & Shepherd (Ralph S. Carrigan), Houston, Tex. and Robinson, Strawn & Robinson (Roger F. Robinson, Jr.), Raymondville, Tex., for defendants.

INGRAHAM, District Judge.

Action for patent infringement, breach of contract, and unjust enrichment arising out of the production and emplacement of tetrapods by defendant Elmer C. Gardner, Inc., in the construction of jetties at Port Mansfield, Texas, under contract with defendant Willacy County Navigation District. Plaintiffs allege that their United States patent for artificial blocks for structures exposed to the action of moving water has been infringed by defendants, that defendant Gardner has breached its alleged licensing agreement with plaintiffs, and that said defendant is unjustly retaining mon-

eys that it has and will receive from defendant Navigation District in pursuance of a contract between them which contemplated, as a cost item, royalties payable to plaintiffs.

The case is now before the court upon (1) plaintiffs' motion for leave to file plaintiffs' first amended complaint, (2) plaintiffs' motion to strike defendants' demand for jury trial, (3) defendants' motion to dismiss with prejudice two causes of action, and (4) defendants' motion for more definite statement.

I

Motion for leave to file plaintiffs' first amended complaint, Motion to dismiss with prejudice two causes of action, and Motion for more definite statement.

Regarding their motion for leave to file their first amended complaint, plaintiffs maintain that elimination by amendment of the second and third causes of action of the original complaint, namely breach of contract and unjust enrichment, will simplify the action to one involving only patent infringement and that they are entitled to amend their pleading to include a prayer for an injunction against further infringement in addition to the accounting for profits and damages previously requested. Defendants oppose such amendment indirectly in relation to other motions that have been filed.

In the opinion of the court plaintiffs should be permitted to amend their pleadings as requested, but the causes of action for breach of contract and unjust enrichment will be dismissed with prejudice. Amendment of pleadings under Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., should be liberally allowed, where the adverse party will not be prejudiced thereby, to clarify the issues and to expedite the disposition of litigation. The trial court has discretion in granting or refusing leave to amend and may condition its rulings so that justice will be done to all parties. 1 Barron & Holtzoff, Federal Practice and Procedure (1950),

Sec. 442, et seq. As to the prayer for injunction, a legitimate question of fact may have been raised concerning possible future acts of infringement. Defendants would not be prejudiced by an amendment to include an injunction, since they can complete the further preparation of their case to meet that issue before trial. Thus, the amendment to include a prayer for injunction is granted.

■ Amendment to eliminate the second and third causes of action, for breach of contract and unjust enrichment, might involve considerable prejudice to defendants. Plaintiffs seek to amend their complaint 21 months after its original filing and following a pre-trial conference at which the issues should have been clarified. Defendants may well have prepared themselves to meet all such issues, including the second and third causes of action. At this stage of the litigation they feel entitled to a trial that would dispose of all matters at issue between the parties. If plaintiffs seek to eliminate these causes of action, defendants contend that such elimination should be done in a manner that will prevent these claims from being refiled. Their prayer that such causes of action be dismissed with prejudice against refiling is granted.

■ The amendment to eliminate these causes of action has the effect of a voluntary dismissal by plaintiffs of such causes. Ordinarily such a motion would fall under Rule 41(a) (2), if plaintiffs did not wish to retain one cause of action of their complaint before the court. The court should have the same discretion to impose conditions upon such an amendment as it would upon a voluntary dismissal under Rule 41(a) (2). The prejudicial circumstances attendant to this motion, eliminating causes of action following pretrial conference, require that these causes be dismissed with prejudice and that subsequent action upon them be barred.

■ Defendants' motion for more definite statement in connection with plaintiffs' first amended complaint should be denied. Regarding plaintiffs' new allegations that defendants are still infringing the patent by making, selling, and using artificial blocks and structures embodying the patented invention, defendants contend that they have no knowledge concerning any present use, manufacturing, or sale of said objects and that they are not informed in any way in what manner or means they are accused of presently making, selling, or using said objects. The trial court has discretion to grant or deny a motion for more definite statement in order to simplify procedure and expedite justice. This motion is denied because the information sought is not necessary to frame a responsive pleading, which might be a general denial or a disclaimer of knowledge of the alleged facts. These allegations would seem to concern matters within the knowledge of the moving parties, who should know whether they are making, selling or using such objects at the present time, if they have previously denied in their answer that they have infringed the patent. Defendants may gain the desired information through use of the discovery procedures, which are designed to assist litigants in preparing for trial and which will not delay the progress of the law suit any more than necessary.

## II

### Motion to strike defendants' demand for jury trial.

Having granted plaintiffs' motion to file its first amended complaint, with appropriate conditions, the court now reaches the question of the effect of the amendment upon defendants' demand for jury trial. Plaintiffs contend that defendants are not entitled to a jury trial on the pleadings in their present amended form, because the new complaint basically seeks injunctive relief from patent infringement with only incidental damages prayed. They maintain that a patent infringement action should be treated in the same way as any other civil action under the Federal Rules in determining the right to jury trial under

the Patent Act of 1952. When a claim is equitable in character, they maintain, there is no right to a jury trial on an issue of damages which may be incidental to the equitable relief sought by plaintiff. They cite applications of this rule in the interpretation of the former patent statutes, Repealed Title 35 U.S.C. §§ 67 and 70, as set forth in Appendix II, 35 U.S.C.A.

Under repealed title 35 there had been a remedy at law for damages in former Section 67, which had been interpreted to carry a right to jury trial, and a remedy in equity for injunction with incidental damages, which had been interpreted not to carry a right to jury trial. In the recodification, 35 U.S.C. § 1 et seq., Section 281 specifies that the remedy for patent infringement now is by "civil action" in conformity with the Federal Rules, while Section 283 gives the court the power to grant an injunction and Section 284 relates to the award of damages. Section 283 is a statement of the power to grant an injunction which does not include an express grant of power to award general damages in any case for an infringement, as did former Section 70. Section 284 has been described as a consolidation of the provisions relating to damages in former Sections 67 and 70.

Defendants contend that the recodification resulted in the preservation of the right to jury trial in all cases where damages are sought in a patent infringement action, since the action for damages is now a separate statutory action under Section 284 and since no power has been expressly provided under Section 283 to award damages incidental to an injunction. They maintain that this apparent separation of the legal and equitable remedies in the recodification has placed the patent law on the same basis as the copyright law and other statutory actions in which the right to jury trial is preserved, even though legal and equitable issues may be joined. In support of their contention, they cite National Dryer Manufacturing Corporation v. Dryer Company of America, D.C.E.D.Pa.1955,

130 F.Supp. 912, in which a district court held that the new patent act differs significantly from the prior law and that defendants were entitled to a jury trial in a patent infringement action where claims for legal and equitable relief had been joined. In reply, plaintiffs cite Chappell & Co. v. Palermo Cafe Co., 1 Cir., 1955, 249 F.2d 77, to show that the analogous copyright cases, holding that such claims for damages are not merely incidental to the equitable relief demanded and that a right to jury trial is preserved, have been undermined. Thus, the Dryer case does not appear conclusive on the interpretation of the new patent act provisions.

Furthermore, plaintiffs cite excerpts from the legislative history of the Patent Act of 1952 which indicate that Congress never intended its enactment of Sections 281, 283 and 284 to change the prior law to the extent that a right to jury trial would be available in all cases where damages are sought. The remedies of damages and injunctions do not appear to be separate statutory actions, though the organization of the sections has been simplified and consolidated.

For example, the Senate Report on the Patent Act of 1952 only states regarding Sections 283 and 284:

"The next few sections relate to injunctions, damages, attorney fees, the statute of limitations, and to marking and notice; all of which together replace statutes on suits, with a good deal of reorganization in language to clarify the statement of the statutes." S.Rept. 1979, June 27, 1952 (to accompany H.R. 7794), 82d Cong., 2d Sess., 2 U. S. Congressional and Administrative News (1952), pg. 2403.

The revision notes in the appendix of the senate report state that Section 281, serving as an introduction to the following sections, uses the modern term civil action and that there would be, of course, a right to jury trial *when no injunction is sought.* (Emphasis supplied.) The notes further state that Section 283 is the same as the provision which opens

R.S. 4921 (former Section 70) with minor changes in language and that Section 284 consolidates the provisions relating to damages in R.S. 4919 and 4921 (former Sections 67 and 70) with some changes in language. See U.S.Cong. and Adm.News 1952, at page 2423. Commentaries by noted authorities also support the report, frequently only restating its conclusions. See "Commentary on New Title 35 U.S.Code, 'Patents'" by Charles J. Zinn, Law Revision Counsel, Committee on the Judiciary, House of Representatives, U.S.Cong. and Adm. News 1952, at pg. 2522, and "Commentary on the New Patent Act" by P. J. Federico, Examiner-in-Chief, U. S. Patent Office, 35 U.S.C.A. § 56.

 This legislative history displays no intention to alter the settled case law under the patent statutes so that a court sitting in equity would not have the power to award incidental damages. There seems to be no indication that a jury trial will be involved in all actions where damages are sought. Rather, the revision notes state that there would be a right to jury trial when no injunction is sought. From this statement one may infer that where an injunction is sought, damages will be considered merely incidental to the jurisdiction of equity and no right to jury trial will be preserved.

Defendants also contend that their "right" to jury trial cannot be destroyed by a subsequent tender of an equitable issue. In support of their contention they cite Cohen v. Globe Indemnity Company, D.C.E.D.Pa.1940, 37 F. Supp. 208, in which plaintiff sought leave to file a petition for reformation of contract in an action at law upon a burglary insurance policy. The district court upheld defendant's demand for a jury trial, despite the interjection of the equitable issue. Plaintiffs have distinguished this case sufficiently by showing that it involved two separate causes for reformation of a contract and breach of a contract that could be heard before the court on the reformation cause and sub-

sequently before a jury on the breach of contract cause. In the case at bar the only cause is patent infringement, which is indivisible and must be heard by the court in equity if legal and equitable issues are to be joined.

Defendants further maintain that equity cannot retain jurisdiction if equity jurisdiction is not obtained in good faith and that they question the motive for plaintiffs' injunction demand as being other than an effort to obtain a striking of the jury demand. As indicated earlier, the court considers that a legitimate question of fact may have been raised concerning possible future acts of infringement. For this reason it cannot be said that plaintiffs are not acting in good faith in praying for an injunction.

Plaintiffs' motion to strike defendants' demand for trial by jury will be granted. The clerk will notify counsel to draft and submit appropriate orders.