**ADDAMAX CORPORATION,**

v.

**OPEN SOFTWARE FOUNDATION, INC.,
Digital Equipment Corporation,
Hewlett–Packard Company.**

Civ. A. No. 91–11152–T.

United States District Court,
D. Massachusetts.

May 5, 1993.

---

**4**

Samuel Adams, Ralph T. Lepore, III, Keith C. Long, Warner & Stackpole, Boston, MA, Bud G. Holman, Robert E. Crotty, James V. O'Gara, Kelley, Drye & Warren, New York City, for Addamax Corp.

James C. Burling, Michelle D. Miller, Charles J. Gray, Peter A. Spaeth, Hale & Dorr, Boston, MA, for Open Software Foundation, Inc.

Eric Jaeger, William L. Patton, Ropes & Gray, Boston, MA, Richard H. Alpert, Digital Equipment Corp., Maynard, MA, for Digital Equipment Corp.

Brian A. Davis, Robert S. Frank, Jr., Kevin P. Light, Nicholas J. Nesgos, Choate, Hall & Stewart, Boston, MA, Robert W. Sutis, Hewlett–Packard Company, Palo Alto, CA, Robert A. Skitol, Drinker, Biddle & Reath, Washington, DC, for Hewlett–Packard Co., Inc.

## ON MOTION FOR RECONSIDERATION OF GRANT OF LEAVE TO AMEND

COLLINGS, United States Magistrate Judge.

Addamax commenced the instant action on April 23, 1991 by filing a complaint; on October 11, 1992, it sought leave to file an amended complaint [1] which did not contain certain claims which had been set forth in the original complaint. However, the claims which were dropped did not comprise all of the claims against any one party. Put another way, some claims were asserted against all three defendants in the proposed amended complaint.

On December 30, 1992, I entered the following Order on plaintiff's motion for leave to file the amended complaint:

> Upon a review of the papers, the Court takes the following action on the Motion of Plaintiff Addamax Corporation for Leave to Amend Its Complaint (# 111):

---

1. The pleading sought to be filed was styled "First Amended Complaint." However, in this memorandum, I shall refer to the pleading as the "amended complaint."

(1) The plaintiff Addamax Corporation is granted leave to file and serve a First Amended Complaint in the form which is currently denoted attachment "B" to its motion.

(2) This allowance is without prejudice to the defendants filing a motion to dismiss the First Amended Complaint on any of the grounds which formed the basis of the opposition to the motion to amend.

(3) The filing of the First Amended Complaint does not, in and of itself, act to dispose of claims set forth in the original Complaint which were omitted from the First Amended Complaint. If plaintiff wishes to dismiss those claims, it must either obtain a Stipulation of Dismissal signed by all the parties or file a motion to dismiss pursuant to Rule 41(a)(2), Fed.R.Civ.P.

It is ORDERED that the Motion of Plaintiff Addamax Corporation for Leave to Amend Its Complaint (# 111) be, and the same hereby is, ALLOWED to the extent above-specified and otherwise DENIED.

See # 132 (footnote omitted).

On January 14, 1993, Addamax filed an objection to the Order pursuant to Rule 72(a), Fed.R.Civ.P. See # 145. In addition, Addamax filed a motion for reconsideration by me of the same Order. See # 142. Defendants jointly opposed reconsideration on January 27, 1993. See # 154.

Upon a review of all the papers, I find that Addamax's motion for reconsideration has merit in that paragraph 3 of my Order on the motion to amend contains an erroneous statement of the law. Accordingly, paragraph 3 of the Order shall be vacated.

■ Rule 41, Fed.R.Civ.P., provides, in pertinent part:

(a) **Voluntary Dismissal; Effect Thereof**

(1) **By Plaintiff; by Stipulation**.... [A]n action may be dismissed without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all the parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice ...

Paragraph 3 of my December 30th Order was in error because the weight of authority is that Rule 41(a), Fed.R.Civ.P., applies only when an "action" is to be dismissed, an "action" being defined not as an individual "cause of action" but rather as the whole case. *Management Investors v. United Mine Workers*, 610 F.2d 384, 392 & fn. 22 (6 Cir., 1979) citing 5 Moore's Federal Practice, para. 41.06-1; *Exxon Corporation v. Maryland Casualty Co.*, 599 F.2d 659, 662 (5 Cir., 1979) citing *Smith, Kline & French Laboratories v. A.H. Robins Co.*, 61 F.R.D. 24, 29 (E.D.Pa., 1973); *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 517-8 (Fed.Cir., 1987) also citing *Kline*. Thus, my statement to the effect that "[i]f plaintiff wishes to dismiss [some but not all claims against a defendant or defendants], it must either obtain a Stipulation of Dismissal signed by all the parties or file a motion to dismiss pursuant to Rule 41(a)(2), Fed.R.Civ.P." is incorrect. Rule 15(a), Fed.R.Civ.P., is the proper vehicle to drop some but not all claims against a defendant or defendants.

■ However, this analysis does not end the issue. Rule 15(a), Fed.R.Civ.P., provides that when responsive pleadings have been filed, a plaintiff must obtain leave of court in order to amend a complaint. Although the rule provides that "leave shall be freely given when justice so requires," it is clear that in granting leave to amend, the court has the power to grant leave upon certain conditions. *Smith, Kline & French Laboratories v. A.H. Robins Co., supra*, 61 F.R.D. at 30; *Etablissements Neyrpic v. Elmer C. Gardner, Inc.*, 175 F.Supp. 355, 357 (S.D.Tex., 1959). One of those conditions may properly be that claims contained in the original complaint but not included in the amended complaint be considered dismissed with prejudice. *Id.* at 358. As pointed out by Professor Moore:

Where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants the problem may

technically be regarded as one of amendment that is governed by Rule 15.

\*   \*   \*   \*   \*   \*

Where [the plaintiff] seeks leave of court, [the plaintiff] invokes the district court's discretion; and while leave is to be freely given when justice so requires, the court may deny leave or impose conditions upon leave to amend to eliminate an issue or claims as it would upon a voluntary dismissal under Rule 41(a)(2).

Since the district court's discretion is involved when leave of court is required, whether plaintiff's motion is made under Rule 15 or under Rule 41(a)(2), the choice of rules is largely a formal matter, although technically speaking, subdivision (a) of Rule 41 does not include dismissal of less than all the claims against any particular defendant.

5 Moore's Federal Practice, para. 41.06–1, pp. 41–82–3 (2d ed., 1993 rev.)

In the instant case, the dispute between the parties on this issue is that the plaintiff seeks to drop the claims which were asserted in the original complaint but not reasserted in the amended complaint without prejudice. Defendants take the position that if plaintiff is going to drop certain claims against them, the claims should be dismissed with prejudice so that plaintiff cannot thereafter assert them in other litigation.

As the cases and treatise point out, a court has the power to condition the filing of an amended complaint upon an order dismissing claims not reasserted in the amended complaint with prejudice. However, this procedural mechanism presents an additional problem when a party files a motion to amend which seeks to file an amended complaint in which claims contained in the original complaint are not reasserted and that motion is referred to a magistrate judge for determination. In the absence of consent,[2] a magistrate judge is without power to act finally on a motion to dismiss or a motion which is dispositive of a claim or claims. *See* 28 U.S.C. § 636(b)(1)(A), (B) and Rule 72(a), (b), Fed.R.Civ.P.

In the case where there is no objection to the motion to amend, I suppose a magistrate judge, in the usual course, could rule on a motion to amend even in the situation in which the amended complaint did not contain all the claims which had been in the original complaint. The reason for this supposition is that in the usual case, if claims contained in the original complaint are not reasserted in the amended complaint, the claims not reasserted are deemed to have been withdrawn or dropped without prejudice. Put another way, an amendment which "eliminates" causes of action "... has the effect of a voluntary dismissal by plaintiffs of such causes." *Etablissements Neyrpic v. Elmer C. Gardner, Inc., supra,* 175 F.Supp. at 358; *Smith, Kline & French Laboratories v. A.H. Robins Co., supra,* 61 F.R.D. at 31. Presumably, in such a situation, no further action over and above the allowance of the motion to amend is needed in order to effectuate the voluntary dismissal.

■ The situation is markedly different in a case, such as the instant one, in which the motion to amend is opposed for the very reason that to allow the motion would be to permit the plaintiff to withdraw certain claims without prejudice. In such a situation, the Court is asked to do more than merely allow a motion to amend; the Court is asked to also dismiss with prejudice the claims not reasserted in the amended complaint. A magistrate judge does not have the power to take such action under 28 U.S.C. § 636(b)(1)(A) and effectuate a dismissal with prejudice of claims not reasserted in the amended complaint over the plaintiff's objection.

■ Thus, when a motion to amend a complaint is opposed on the ground that claims not reasserted in the amended complaint should be dismissed with prejudice, a magistrate judge cannot grant the motion to amend and also provide that the claims in the original complaint not reasserted in the amended complaint are dismissed with prejudice.[3] But I do think that in a case such as

---

2. *See* 28 U.S.C. § 636(c).

3. A magistrate judge could issue a report and recommendation rather than an order on the

the instant one, where the defendants oppose the motion to amend on the ground that the claims not reasserted in the amended complaint be dismissed with prejudice, a magistrate judge has the power to allow the filing of an amended complaint on the express condition that the filing of the amended complaint does not operate as a dismissal of the claims of the original complaint which are not reasserted in the amended complaint and that the plaintiff must seek dismissal of those claims by means of a separate motion to dismiss. This is what I had in mind in paragraph 3 of my December 30, 1992 Order although I set forth an erroneous mechanism for accomplishing that result.

Accordingly, it is ORDERED that Plaintiff Addamax Corporation's Motion for Reconsideration by Magistrate Judge Collings of Paragraph 3 of his Order on Motion of Plaintiff for Leave to Amend its Complaint (# 142) be, and the same hereby is, ALLOWED to the extent that paragraph 3 as presently contained in the Order on Motion of Plaintiff Addamax Corporation to Amend its Complaint be, and the same hereby is, STRICKEN and the following be, and the same hereby is, SUBSTITUTED in its place.

(3) It is a condition of the allowance of the motion to amend that the allowance of the motion and the filing of the First Amended Complaint does not, in and of itself, act to dispose of claims set forth in the original Complaint which were omitted from the First Amended Complaint. If plaintiff wishes to dismiss those claims, it must either obtain a stipulation of all parties that those claims are dismissed without prejudice or file a motion to dismiss those claims without prejudice.

It is FURTHER ORDERED that Plaintiff Addamax Corporation's Motion for Reconsideration by Magistrate Judge Collings of Paragraph 3 of his Order on Motion of Plaintiff for Leave to Amend its Complaint

motion to amend and recommend that the motion be allowed on condition that claims not reasserted in the amended complaint are dismissed with prejudice. *See* 28 U.S.C.

(# 142) be, and the same hereby is, otherwise DENIED.

§ 636(b)(1)(B). In the instant case, however, the district judge has not referred the motion for a report and recommendation.