**HONEYWELL CONSUMER PRODUCTS, INC., Plaintiff,**

v.

**WINDMERE CORPORATION, Defendant.**

**No. Civ.A. 97–400157–NMG.**

United States District Court, D. Massachusetts.

Feb. 12, 1998.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On August 14, 1997, the plaintiff, Honeywell Consumer Products, Inc. ("Honeywell") filed this suit against Windmere Corporation ("Windmere") alleging infringement of its U.S. Patent No. 5,143,655 ("the '655 patent") titled "Efficiently Packaged Humidifier Device". Windmere answered and counterclaimed against Honeywell alleging unfair competition and, more specifically, that Honeywell brought this suit knowing or believing that its patent is invalid, unenforceable and/or not infringed by Windmere's products. Pending before this Court are Honeywell's motions to strike improper affirmative defenses (Docket No. 6) and to dismiss counterclaims (Docket No. 7).

**24**

## I. *Analysis*

### A. *Motion to Strike Improper Affirmative Defenses*

Under Fed.R.Civ.P. 12(f), an affirmative defense may be stricken if it is legally insufficient, redundant, immaterial, impertinent or scandalous. Motions to strike defenses are disfavored and should be granted only when it is "beyond cavil that the defendant[ ] could not prevail on them." *Coolidge v. Judith Gap Lumber Co.*, 808 F.Supp. 889, 893 (D.Me.1992) (*quoting U.S. v. Kramer*, 757 F.Supp. 397, 409–10 (D.N.J.1991)). Given that standard, this Court will decline to grant Honeywell's motion to strike Windmere's affirmative defense of patent misuse.

### B. *Motion to Dismiss Counterclaims*

A motion to dismiss a counterclaim for failure to state a claim will be granted only if it appears, beyond doubt, that the counterclaimant can prove no facts in support of its claim that entitles it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court must accept all factual averments in the counterclaim as true and draw all reasonable inferences in the counterclaimant's favor. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir.1992). The Court is required to look only to the allegations of the counterclaim and if under any theory they are sufficient to state a cause of action, a motion to dismiss the counterclaim must be denied. *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987).

Honeywell contends that Windmere failed to allege sufficient facts to state a counterclaim. This Court finds, however, that Windmere alleged all of the elements of a claim of unfair competition and sufficient facts to place Honeywell on notice as to the kind of claim alleged and the grounds upon which it rests. There is no heightened pleading requirement for a claim of unfair competition based upon the institution of sham litigation. *Skinder–Strauss Assoc. v. Mass. Continuing Legal Education, Inc.*, 870 F.Supp. 8, 11 (D.Mass.1994), *citing Leatherman v. Tarrant County Narcotics*, 507 U.S. 163, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (Supreme Court expressed disapproval of judicial attempts to heighten pleading requirements).

Honeywell also contends that the *Noerr–Pennington* doctrine bars Windmere's counterclaims. That doctrine immunizes certain activities, such as enforcement of patents, trade dress and trademarks, from antitrust liability unless such enforcement activity is a sham. See *Carroll Touch, Inc. v. Electro Mechanical Systems, Inc.*, 15 F.3d 1573, 1581–83 (Fed.Cir.1993) The facts alleged by Windmere fall within the sham litigation exception to the *Noerr–Pennington* doctrine. See *Carroll Touch*, 15 F.3d at 1582 (Fed.Cir.1993); *Handgards, Inc. v. Ethicon, Inc.*, 743 F.2d 1282, 1294 (9th Cir.1984).

The appropriate vehicle for contesting pleadings containing allegations which lack evidentiary support or are filed for an improper purpose is a motion for Rule 11 sanctions, not a motion to dismiss. In the case at bar, accepting the allegations as true, Windmere has stated a claim upon which relief may be granted.

## ORDER

For the foregoing reasons:

1) the plaintiff's motion to strike improper affirmative defenses (Docket No. 6) is **DENIED,** and

2) the plaintiff's motion to dismiss counterclaims (Docket No. 7) is **DENIED.**

So ordered.