William A. BRANDT, Jr., as Assignee for the Creditors of Avian Farms, Inc., Plaintiff,

v.

ADVANCED CELL TECHNOLOGY, INC. and A.C.T. GROUP, INC., Defendants.

No. CIV.A. 01–40227NMG.

United States District Court, D. Massachusetts.

March 31, 2003.

---

David A. Anderson, Pierce Atwood, Portsmouth, NH, for A.C.T. Group Inc., Advanced Cell Technology Inc., Counter Claimants.

Donald J. Barry, Jr., Citizens Bank of Massachusetts, Boston, MA, for Citizens Bank, Trustee.

Lawrence S. Delaney, Swiggart & Agin, LLC, Boston, MA, for Flagship Bank and Trust Company, Trustee.

Leonard M. Gulino, Bernstein, Shur, Sawyer & Nelson, Portland, ME, for William A. Brandt, Counter Defendant.

Robert J. Keach, Bernstein, Shur, Sawyer & Nelson, Portland, ME, for William A. Brandt, Counter Defendant.

James D. O'Brien, Jr., Mountain, Dearborn & Whiting, LLP, Worcester, MA, for Citizens Bank, Trustee.

## MEMORANDUM AND ORDER

GORTON, District Judge.

In this action arising out of a stock purchase agreement, plaintiff has moved to dismiss defendants' counterclaims and for summary judgment and defendants have moved to amend their answer.

### I. *Factual Background*

On July 16, 1999 Avian Farms, Inc. ("Avian") and defendant A.C.T. Group, Inc. ("A.C.T.Group") entered into a Forbear-

ance and Stock Purchase Agreement ("the Agreement") whereby Avian sold 80% of its shares in defendant Advanced Cell Technology, Inc. ("Advanced") and CIMA Biotechnology, Inc. ("CIMA") to A.C.T. Group and agreed to forbear from collecting over $2,000,000 in debt owed to Avian by Advanced and CIMA. In exchange for the shares and Avian's forbearance, two promissory notes in the amounts of $1,787,000 (signed by Advanced) and $1,000,000 (signed by A.C.T. Group) ("the Notes") were made payable to Avian.

Paragraphs 1(a) and 3(a) of the Agreement state that the Notes are payable on the second anniversary date of the closing, which is deemed to be July 29, 1999 in Paragraph 4 of the Agreement. For reasons that are not apparent in the record, however, the closing did not occur until December 23, 1999. On that date, Avian and A.C.T. Group executed the Amendment to Forbearance & Stock Purchase Agreement ("the Amendment"). Paragraph 3 of the Amendment states: "**Closing**. [Paragraph] 4 of the Agreement is hereby amended by deleting the date 'July 29, 1999' and substituting therefor the date 'December 23, 1999'." Therefore, in contemplating that the Notes are payable on the second anniversary of the date of the closing, the Agreement requires payment of the Notes by December 23, 1999.

Apparently, the Notes were drafted contemporaneously with the Agreement in July, 1999. In keeping with the original understanding of Avian and A.C.T. Group, that the closing date would be July 29, 1999, the Notes provided that they would be payable two years later on July 29, 2001.[1] Although the parties re-dated the Notes "December 23, 1999" and signed them on that date at the closing, they failed to amend the payment date in the text of the Notes from July 29, 2001 to December 23, 2001. In summary, the Notes contemplate payment dates of July 29, 2001 while the Agreement and the Amendment provide for payment dates of December 23, 2001.

On June 28, 2000, Avian executed and consummated an Assignment for Benefit of Creditors ("the Assignment"), naming plaintiff William A. Brandt, Jr. ("Brandt") as the assignee for the benefit of Avian's creditors. The Assignment, notice of which was given to all of Avian's creditors, required those creditors to file proofs of claim within certain time limits.

The defendants made no payments on the Notes prior to July 29, 2001. On August 2, 2001 Brandt, relying on the earlier payment date, notified A.C.T. Group in writing that it was in default on the Notes and demanded payment. When defendants failed to make payments on the Notes in response to Brandt's demand, Brandt sued defendants for default of both Notes on November 30, 2001.

A.C.T. Group alleges that in November and December, 2001 it was in the process of securing finances through investors that might have been sufficient to meet its obligations under the Notes by December 23, 2001. Defendants allege that Brandt's complaint, filed on November 30, 2001, created adverse media attention that dissuaded those investors and rendered the defendants unable to pay the Notes in full by December 23, 2001.

On the same day that Brandt filed his complaint, he moved for attachment and trustee process in an amount sufficient to satisfy payment of the Notes, interest and reasonable costs of collection and attor-

---

1. The Notes more accurately state that they are payable on the earlier of July 29, 2001 or the date of certain equity funding but the parties agree that the contemplated "equity funding" never occurred.

neys' fees. That motion was allowed by Magistrate Judge Swartwood on July 18, 2002 but only in an amount sufficient to cover the principal and interest of A.C.T. Group's Note because Advanced had just tendered a check to the plaintiff sufficient to cover the principal and interest under its Note.

Defendants answered the complaint on February 7, 2002 and counterclaimed against the plaintiff for breach of contract. In its counterclaims, defendants allege that Avian failed to reimburse A.C.T. Group for travel expenses and legal fees incurred by Advanced prior to July, 1999 as Avian had undertaken to do in the Agreement.

Shortly thereafter, Brandt filed a motion to dismiss defendants' counterclaims for failure to state a claim upon which relief can be granted and a motion for summary judgment, or in the alternative, partial summary judgment, on his claims against defendants. On May 1, 2002 defendants filed a motion for leave to amend their answer. All motions were timely opposed and are considered below.

## II. *Legal Analysis*

### A. **Plaintiff's Motion to Dismiss Counterclaim**

A motion to dismiss for failure to state a claim may be granted only if it appears, beyond doubt, that the counter-claimant can prove no facts in support of his counterclaim that entitles him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court must accept all factual averments in the counterclaim as true and draw all reasonable inferences in the counter-claimant's favor. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir. 1992). The Court is required to look only

to the allegations of the counterclaim and if under any theory they are sufficient to state a cause of action, a motion to dismiss the counterclaim must be denied. *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987). Brandt moves this Court to dismiss defendants' counterclaims on two grounds, neither of which is availing.

Brandt argues that the Agreement is a fully integrated agreement and therefore governs the entire contractual relationship between the parties. Because, according to Brandt, the Agreement does not obligate Avian to reimburse defendants for the travel expenses and legal fees that are the subject of defendants' counterclaims, Brandt contends that any "agreements" upon which defendants base their claims are therefore barred by the parol evidence rule under Maine law, which governs disputes under the Agreement.

Paragraph 7(b) of the Agreement states, in pertinent part:

> [Avian] covenants and agrees that between the date of this Agreement and the Closing, except as otherwise consented to by [A.C.T. Group] ... [Avian] shall fund all operating liabilities of [Advanced] incurred in the ordinary course of [its] business consistent with past practices ... which are incurred prior to the close of business on July 15, 1999.

Defendants' counterclaim alleges that Avian failed to reimburse A.C.T. Group for nearly $130,000 in travel expenses and legal fees that Advanced incurred in the ordinary course of business prior to July, 1999. If those allegations are true, defendants are entitled to relief for Avian's breach of contract and Brandt is not entitled to a dismissal of defendants' counterclaims on that ground.[2]

**2.** The counterclaims are, in essence, for recoupment or set-off against Brandt's claims and are raised as affirmative defenses separate and apart from the motion to dismiss.

Brandt also argues that the Assignment precludes defendants' counterclaims because they failed to seek reimbursement for the alleged travel expenses and legal fees under the time limits mandated by the Assignment. Brandt contends that defendants had knowledge of the Assignment and its terms but failed to abide by them and are, therefore, entitled to no relief.

That argument is not without merit but fails for several reasons nevertheless:

■ 1. Brandt's entitlement to proceeds under the Notes is limited by the Agreement under which defendants claim relief. It would be incongruous for this Court to entertain Brandt's claims against defendants under the Agreement but not vice-versa, especially in light of Paragraph 17 of the Agreement which explicitly provides that the Agreement "shall be binding upon and inure to the benefits of the parties and the successors and assigns of each of them [i.e., Brandt]."

■ 2. Defendants' counterclaims are "compulsory" because they arise from the "same transaction or occurrence that is the subject matter of [Brandt's] claim[s]." See Fed.R.Civ.P. 13(a). Were this Court to dismiss those counterclaims, defendants would be barred from bringing such claims in any court of law thereafter.

■ 3. Defendants' claim against Avian for travel expenses and legal fees is not that of an ordinary creditor because it arises out of Avian's ownership of Advanced, the entity that incurred the costs for which defendants now seek reimbursement. Thus, Advanced, of which Brandt's assignor still owns a part, may be entitled to recoupment regardless of A.C.T. Group's failure to submit its claim in accordance with the terms of the Assignment. The relevant Maine statute states, in pertinent part:

[T]he right to enforce the obligation of a party to pay an instrument is subject to ... [a] claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument ....

Me.Rev.Stat. Ann. tit. 11, § 3–1305(1)(c).

At the very least, Brandt's reliance on the terms of the Assignment as a defense to the counterclaim fails to leave "no doubt" that the counterclaim is barred by the asserted defense. See Blackstone Realty LLC v. Federal Deposit Ins. Corp., 244 F.3d 193, 197 (1st Cir.2001). Brandt has failed to prove that there are no facts in support of defendants' counterclaims that could entitle them to relief and his motion to dismiss will, therefore, be denied.

## B. Plaintiff's Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir.1990)). The initial burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that [based on those undisputed facts] the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" if "the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." Sanchez v. Alvarado, 101 F.3d 223, 227 (1st Cir.1996) (internal quotation marks omitted). A fact is "material" if it has "the potential to affect the outcome of

the suit under the applicable law." *Id.* (internal quotation marks omitted).

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine, triable issue of material fact will be found only where the party opposing summary judgment provides evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Court must view the entire record in the light most hospitable to the nonmoving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the nonmoving party's favor, the Court determines that no genuine issue of material fact exists, summary judgment is appropriate.

■ Brandt moves this Court for summary judgment in its favor, or in the alternative for partial summary judgment. There is, however, a genuine issue of material fact specifically with respect to the payment date of the Notes which precludes summary judgment here. A reasonable jury could decide, based upon the clear language in the Agreement and the Amendment, that A.C.T. Group was not obligated to make payment on the Notes until December 23, 2001. The dispute over the date is material because A.C.T. Group alleges that the only reason it was unable to make payment on the Notes by December 23, 2001 was because this highly publicized lawsuit filed against it prematurely dissuaded potential and willing investors from making business-saving investments. If the finder of fact determines that the Notes were payable on December 23, 2001, A.C.T. Group is entitled to have that finder also determine whether Brandt is estopped from enforcing payment because of the alleged adverse effect of his premature filing of this lawsuit. Brandt is, therefore, not entitled to summary judgment or partial summary judgment and his motion will be denied.

## C. Defendants' Motion for Leave to Amend Their Answer

Defendants move this Court for leave to amend their answer 1) to add an additional recoupment claim based on the investment they allegedly lost due to Brandt's premature litigation, 2) to add an additional affirmative defense for mutual mistake and 3) to modify their denial of an allegation in Brandt's complaint.

The Federal Rules of Civil Procedure provide that an answer and counterclaim may be amended once as a matter of right

> at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a). Neither prerequisite for amendment as a matter of right exists here so defendants must seek leave of Court or written consent of the adverse party. They justify their request for the former because there has been no undue delay or dilatory motive and there will be no undue prejudice to Brandt.

■ Defendants filed their amended answer and counterclaims nearly three months after they filed their original an-

swer and one month after Brandt moved for summary judgement on his claims against them. Brandt opposes the motion on several grounds only one of which is colorably meritorious. He claims that defendants crafted their amended answer and counterclaims specifically to overcome his motion for summary judgment.

Defendants original answer, however, raised, as an affirmative defense, estoppel which is the basis for their recoupment claim added in their amended answer. Furthermore, defendants' denial in their original answer that the Notes required payment before July 29, 2001 is not an admission that the Notes were payable on or after that date. The amendment of the payment date to December 23, 2001 is not inconsistent with defendants' original answer and the amended answer, therefore, will not prejudice Brandt with respect to his motion for summary judgment because defendants could have relied on their original answer in opposition to Brandt's motion for summary judgment. Defendants' motion to amend will, therefore, be allowed.

### ORDER

For the reasons set forth in the Memorandum above,

1) plaintiff's Motion to Dismiss Counterclaim (Docket No. 6) is **DENIED,**

2) plaintiff's Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment (Docket No. 9) is **DENIED,** and

3) defendants' Motion for Leave to Amend Their Answer (Docket No. 16) is **ALLOWED.**

So ordered.